*Northern District*

## No. 8390

# MILTON LEWIS, et al
# v.
# STEPHEN GALLANT, et al

Argued: November 20, 1975. Decided: June 16, 1976.

Case tried to *Tiffany, J.,* in the First District Court of Eastern Middlesex. Number: 33 of 1974.

Present: Cowdrey, P.J.; Bacigalupo, Forte, J.J.

**Cowdrey, J.** This is an action of contract to recover damages arising out of the defendant's refusal and failure to complete a construction contract to do substantial remodelling and/or additions for $19,000.00. Payments of $13,300.00 were made to the defendant, when, as a result of a disagreement, the defendant allegedly breached the contract by failing to return to complete the work.

The court found for the plaintiff in the sum of $5,700.00.

No requests for rulings were filed by either party. The defendant, however, subsequently filed a motion for a new trial as to the measure of damages, which was denied, and the case is here on the correctness of

The only issue presented is whether or not there was sufficient evidence for the trial justice to assess damages as he did.

As an essential element the plaintiff must prove his damage. In this case he must prove that the sum total of monies paid and the cost of completing work required by the contract exceeded the contract price. If satisfactorily proved the plaintiff may recover the excess. *Concannon v. Galanti,* 348 Mass 71 (1964).

The plaintiff in his declaration alleges that he was caused to expend $9,000.00 for completing the

work. The only evidence presented to this aspect was testimony from the plaintiff and his wife as to what the defendant failed to do and what had to be done to complete the contract and that others in fact completed the work. There was no evidence of the cost thereof or other evidence necessary to establish damages. The trial justice in denying the motion for a new trial, referring to the plaintiff's declaration of expenditure stated: "Since there was no evidence introduced as to this fact, the court must, once the breach is determined, establish its own criteria of damages." This was error.

We do not think sufficient evidence was produced to enable the trial justice to assess damages, therefore the finding for the plaintiff is vacated and in the interest of substantial justice we order a new trial on the question of damages.